UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) 2:02-cr-00041-DBH-1 |
| TREVIS CALDWELL, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **RECOMMENDED DECISION ON MOTION TO MODIFY SENTENCE**

In this action, Defendant Trevis Caldwell moves to modify his sentence. (Motion, ECF No. 71.) Defendant is serving a 223-month sentence on a conviction that followed his guilty plea to a number of federal offenses, including armed bank robbery. *United States v. Caldwell*, 358 F.3d 138, 139 (1st Cir. 2004). He contends the Court incorrectly sentenced him under 18 U.S.C. § 924(c)(1)(B)(i) after another charge, which alleged possession of a short-barreled shotgun, was dismissed on the Government's motion. (Motion at 2-3.) Defendant contends that the other charge was dismissed because the weapon did not qualify as short-barreled. (*Id.*; Response, ECF No. 74 at 2.) The Government objects to the motion. (Response at 1.)

Following a review of Defendant's motion and the Government's request for dismissal, I recommend the Court grant the Government's request, and dismiss Defendant's motion.

# I. DISCUSSION

Title 18 U.S.C. § 3582, which governs sentence modifications, provides that a criminal judgment is final, with limited exceptions.[1] Section 3582(b) sets forth three

---

[1] Title 3582 provides in part:

> **(b) Effect of finality of judgment.**--Notwithstanding the fact that a sentence to imprisonment can subsequently be—
>
> **(1)** modified pursuant to the provisions of subsection (c);
>
> **(2)** corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
>
> **(3)** appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.
>
> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that—
>
> **(1)** in any case—
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> **(i)** extraordinary and compelling reasons warrant such a reduction; or
>
> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

circumstances under which a court can modify a sentence. First, under subsection 3582(b)(1), a sentence may be modified pursuant to subsection (c), which provides that the Director of the Bureau of Prisons may file a motion to reduce the prison term under certain specified circumstances (subsection 3582(c)(1)), and that a sentence may be modified when the Sentencing Commission has lowered a sentencing range and other requirements are satisfied (subsection 3582(c)(2)). Neither situation applies to Defendant's motion.

In addition, subsection 3582(b)(2), which applies to sentence corrections pursuant to Fed. R. Crim. P. 35 (i.e., corrections within 14 days after sentencing and reductions for substantial assistance on the Government's motion) and to direct appeals from a sentence pursuant to 18 U.S.C. § 3742, and subsection 3582(b)(3), which also applies to direct appeals pursuant to 18 U.S.C. § 3742, also do not apply to Defendant's motion. Plaintiff's sentence, therefore, cannot be modified pursuant to 18 U.S.C. § 3582.

Finally, although Defendant did not cite 28 U.S.C. § 2255 as a basis for his motion, this Court would lack jurisdiction over the matter had he filed a section 2255 motion. This Court dismissed as untimely under section 2255(f) a prior motion filed by Defendant.

---

**(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

**(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Caldwell v. United States*, Nos. 2:09-cv-438-DBH, 2:02-cr-00041-DBH (D. Me. Oct. 16, 2009). The dismissal of Defendant's "first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to [28 U.S.C. § 2244(b)]." *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam) (denying authorization to file a second or successive 28 U.S.C. § 2254 petition); *Villanueva v. United States*, 346 F.3d 55, 58 (2d Cir. 2003) (holding "that a first § 2255 petition that has properly been dismissed as time-barred under [28 U.S.C. § 2244] has been adjudicated on the merits, such that authorization from this court is required before filing a second or successive § 2255 petition").

This Court lacks jurisdiction to consider a second or successive section 2255 motion unless the First Circuit Court of Appeals has specifically authorized the Court to consider the motion. Title 28 U.S.C. § 2244 applies to second or successive section 2255 motions, pursuant to section 2255(h). Section 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Rule 22.1. The First Circuit has held: "We have interpreted [section 2255(h) ] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)). A review of the record reveals no evidence to suggest that Defendant has obtained from the First Circuit permission to file the pending

motion. *See* 28 U.S.C. §§ 2244, 2255. To the extent the motion could be construed as a section 2255 motion, therefore, this Court lacks jurisdiction to consider the motion.

## II. CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Defendant's motion to modify the sentence. To the extent the motion could be construed as a section 2255 motion, I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of February, 2018.